UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER DENYING MOTIONS TO DISMISS [14][18]; DENYING MOTIONS TO STRIKE [13][19]

Plaintiff brings this copyright and trademark action against Defendants for using his graffiti art without his permission in Defendants' fashion line. Although Defendants Moschino and Jeremy Scott have filed separate motions to dismiss and special motions to strike, the substantive arguments in the motions overlap significantly. Accordingly, except where stated, the Court refers to Defendants' motions collectively. The Court held a hearing on the motions on January 11, 2016. In light of arguments made at the hearing and for the reasons stated below, the Court DENIES Defendants' motions to dismiss and DENIES Defendants' special motions to strike.

**I.   Background**

Plaintiff Joseph Tierney ("Tierney") is a world-renowned graffiti artist, producing works under the pseudonym "RIME" since 1991. (Compl. ¶ 10). Tierney's work has been featured in museum exhibitions, including in the Museum of Contemporary Art in Los Angeles as part of the 2011 show "Art in the Streets," as well as in art galleries in Los Angeles, New York, and Paris. (*Id.*). In 2008, Tierney was one of four artists invited by Disney to create an officially sanctioned reinterpretation of Mickey Mouse. (*Id.*). Tierney has also been invited by Adidas and Converse to create limited edition footwear bearing Tierney's artwork. (*Id.*).

Defendant Moschino S.p.A. ("Moschino") is a high-end apparel brand based in Italy. (*Id.* ¶ 11). Moschino sells apparel around the world including in New York, Beverly Hills, and London. (*Id.*).

:

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

Defendant Jeremy Scott ("Scott") is an independent fashion designer. (*Id.* ¶ 12). In 2013, Moschino hired Scott as its creative director. (*Id.* ¶ 17).

In 2012, Tierney painted a mural entitled "Vandal Eyes" on the side of a building in Detroit. (*Id.* ¶ 15). In 2015, as part of Moschino's Fall/Winter 2015 fashion season, Defendants released a collection featuring graphic designs that included clothing with portions of Tierney's "Vandal Eyes" mural, as well as with his graffiti tag: "RIME." (*Id.* ¶ 17). Tierney alleges that Defendants also attached the brand name "Moschino" on the clothing. (*Id.* ¶ 19).

Tierney alleges the collection was made available for sale extensively throughout the world, and garnered international attention during the February 2015 Moschino runway show in Milan when Moschino hired models to advertise and display the collection. (*Id.* ¶ 20). Supermodel Gigi Hadid closed the show with Defendants' dress featuring Tierney's "Vandal Eyes." (*Id.*). In May 2015, Defendants again highlighted their clothing featuring Tierney's "Vandal Eyes" at the Metropolitan Museum of Art in New York City Gala ("Met Gala"). (*Id.*). Celebrity Katy Perry and Defendant Scott appeared at the Met Gala wearing a dress and suit featuring Tierney's "Vandal Eyes." (*Id.*). Following the Met Gala, Tierney alleges that Defendants' collection bearing Tierney's graffiti garnered immense publicity through various news and pop culture channels (e.g., the New York Times, CNN, Vogue, Vanity Fair, People, US Weekly), and was viewed extensively on social media. (*Id.*).

Tierney alleges that Defendants have enjoyed increased revenue from the sale and advertisement of the collection. (*Id.* ¶ 22). Tierney alleges that Defendants' actions have damaged his reputation and credibility in the art world based upon the perceived association with and endorsement of the Moschino and Jeremy Scott brands. (*Id.* ¶ 23). Tierney explains that his perceived association with Defendants' clothing has harmed his "street cred" and that he is now subject to charges of "selling out." (*Id.*).

Tierney brings the following causes of action: (1) copyright infringement; (2) falsification, removal, and alteration of copyright management information in violation of 17 U.S.C. § 1202; (3) unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (4) unfair competition under California Business and Professions Code §§ 17200 et seq; (5) unfair competition under California common law; (6) appropriation of name and likeness in violation of California Civil Code § 3344; (7) and negligence.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

Presently before the Court are Defendants' motions to dismiss causes two through seven, and special motions to strike (anti-SLAPP) causes four through seven.

## II. Motions to dismiss (Dkts. 14, 18)

### A. Legal standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### B. Discussion

#### 1. Copyright infringement

Defendant Moschino does not seek to dismiss Tierney's copyright infringement claim on the merits. However, Defendant Scott argues, as to all of Tierney's claims including the copyright infringement claim, that Tierney has not adequately alleged Scott's involvement in Moschino's alleged actions.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

Tierney alleges that Scott is responsible for Moschino's collection because of Scott's position in Moschino as its creative director, "as well as media photographs, information posted on Moschino's website and social media accounts; and Jeremy Scott's social media accounts." (Compl. ¶ 12). The Court finds that Scott's position as Moschino's creative director is sufficient to create a reasonable inference that he was involved in Moschino's collection. As Tierney argues, it is a reasonable inference that "the high-profile head designer and creative visionary of the Moschino brand would participate in the design of its most high-profile garment of the season." (Pl. Opp. to Motion to Dismiss, at 5).

Therefore, the Court DENIES Defendant Scott's motion to dismiss this claim.[1]

### 2. Falsification, removal, and alteration of Copyright Management Information

Tierney brings two sub-causes of action under 17 U.S.C. § 1202(a) and (b). Section 1202(a) is a falsification claim, which requires the plaintiff to allege that the defendant "knowingly and with the intent to induce, enable, facilitate, or conceal infringement . . . provide[d] copyright management information that is false." Section 1202(b) is a removal claim, which requires the plaintiff to allege that the defendant "intentionally remove[d] or alter[ed] any copyright management information" with the intent to conceal the defendant's infringing conduct. Section 1202(c) defines "copyright management information," with a list including, but not limited to: (1) the title or other information identifying the work, (2) the name of or other information identifying the author of the work, and (3) the name of, and other identifying information, about the copyright owner of the work. Section 1202(c) also provides an exception from its definition for "any personally identifying information about a user of a work."

#### a. Section 1202(a) falsification claim

Tierney argues that Defendants violated Section 1202(a) by adding their brand "Moschino" to the clothing featuring Tierney's graffiti, suggesting that Moschino is the author of the designs.

---

[1] Although Defendants argued in their reply briefs that Tierney may not have standing to bring a copyright infringement claim, these arguments have not been fully briefed or developed. The parties may raise the issue again in their motion for summary judgment.

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | Joseph Tierney v. Moschino S.p.A. et al | | |

First, Defendants argue that Tierney has failed to plead that Defendants acted knowingly under Section 1202. However, the Court finds that when Defendants' use of Tierney's work is considered in context, a reasonable inference can be drawn that Defendants knowingly committed the alleged conduct. In particular, Tierney alleges that Defendants not only placed Tierney's graffiti tag, "RIME," on two pieces in the collection, but also heavily featured Tierney's mural, "Vandal Eyes," in the highlight dress of the same collection.

Second, Defendants argue that their name, "Moschino," falls into the exception of Section 1202(c), as "personally identifying information about the user of a work." However, Defendants do not support this argument with any case law directly on point. In the cases Defendants cite, while the courts found that the defendants that added their copyright management information ("CMI") did not violate Section 1202(a), it was because the allegedly infringing works were considered completely different products, not because the defendants' brand was "user information" and did not constitute CMI. *See, e.g., Faulkner Press, LLC v. Class Notes, LLC*, 756 F. Supp. 2d 1352 (N.D. Fla. 2010). Moreover, Defendants' argument falls short on a logical basis. As Plaintiff agues, taking Defendants' theory to the extreme, virtually any person who took another's work and placed their name or brand on it could be considered a "user of a work" rather than an infringer, and escape liability.

Therefore the Court DENIES Defendants' motions on this claim.

### b. Section 1202(b) removal claim

Tierney also argues that Defendants violated Section 1202(b) by removing the CMI present in "Vandal Eyes" in Defendants' clothing. In his complaint, Tierney alleged that "[t]he Mural contained copyright management information . . . including Plaintiff's signature, and other source identifying elements." (Compl. ¶ 35).

As Defendants note, Tierney's signature, "RIME," does not appear anywhere on the "Vandal Eyes" mural. In Tierney's opposition to the motion to dismiss, he clarified that the relevant CMI is the asterisk-like symbol at the bottom left of the mural. Tierney explained that the symbol refers to Tierney's artist collective known as, "The Seventh Letter." Thus, according to Tierney, his copyrighted work, "Vandal Eyes," contained CMI in the form of the symbol, and Defendants' clothing included portions of "Vandal Eyes" but omitted the symbol in violation of Section 1202(b). At the hearing held

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

on January 11, 2016, Tierney explained again that the symbol constitutes CMI on Tierney's "Vandal Eyes" because it signals the "crew" to which Tierney belongs.

Defendants first argue that Section 1202 violations can only occur if a technological process was used in either placing or removing CMI. Two courts, including one by a magistrate judge in this district, have held that Section 1202, as part of the Digital Millennium Copyright Act ("DCMA"), only creates violations when CMI is added or removed through a digital or technological process. *See Textile Secrets Intern., Inc. v. Ya-Ya Brand Inc.*, 524 F. Supp. 2d 1184 (C.D. Cal. 2007); *IQ Group, Ltd. v. Wiesner Publishing, LLC*, 409 F. Supp. 2d 587, 697 (D.N.J. 2006). However, these cases have since been roundly rejected by subsequent court decisions, including by the Third Circuit and this district. *See, e.g., Murphy v. Millennium Radio Group LLC*, 650 F.3d 295 (3rd Cir. 2011); *Fox v. Hildebrand*, 2009 WL 1977996 (C.D. Cal. 2009); *Williams v. Cavalli, S.p.A.*, 2015 WL 1247065 (C.D. Cal. 2015). These subsequent cases have held that the plain language of Section 1202 refers to CMI as "including in digital form," thus indicating that CMI is not limited to copyright notices that are digitally added or removed.

Defendants next argue that Section 1202(b) removal claims must involve literal removal from the plaintiff's original work (i.e., Tierney's mural). *See Kelly v. Arriva Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999) (holding that the provision "applies *only* to the removal of copyright management information on a plaintiff's product or *original work*") (emphasis added). However, this reads additional language into Section 1202(b) and misstates *Kelly*. Section 1202(b) imposes no such requirement that CMI must be removed from an original work. Rather, the CMI is defined in sections as information "conveyed in connection with copies" of a work. In addition, in *Kelly*, the court found that CMI was not removed from a photograph on a website because the only CMI available appeared on the website, but not on the photographs themselves. Here, Tierney alleges the asterisk-like symbol that appears directly on "Vandal Eyes" was the CMI; therefore, when the mural was reproduced on Defendants' clothing without the symbol, it was a violation of 1202(b).

Finally, Defendants argue that Tierney's clarification of the relevant CMI on "Vandal Eyes" raises issues with either his copyright standing or his Section 1202(b) removal claim. Defendants argue that the symbol for the Seventh Letter either creates doubt as to whether Tierney is the true copyright holder (as opposed to the Seventh Letter), or is not CMI because it does not convey information about Tierney. Although the parties attempted to develop these arguments at the hearing, given that these issues arose just prior to Defendants' replies and have not been fully briefed, the Court finds that the arguments are better suited for resolution in a subsequent motion for summary judgment.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

Accordingly, the Court DENIES Defendants' motions on this claim.

### 3. Unfair competition under Section 43(a) of the Lanham Act; Unfair competition under Cal. Bus. & Prof. Code §§ 17200 et seq; Unfair competition under California common law

The Ninth Circuit has consistently held that claims brought under California unfair competition law are "substantially congruent" to claims brought under the Lanham Act because the ultimate test under both is whether the public is likely to be deceived or confused. *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994). Therefore, the Court considers together Tierney's claims for unfair competition under Section 43(a) of the Lanham Act, unfair competition under Cal. Bus. & Prof. Code §§ 17200, and unfair competition under California common law.

To state a claim under Section 43(a) of the Lanham Act, a plaintiff must establish that: (1) it has a valid mark; (2) the defendant used the mark in commerce, and (3) the defendant's use of the mark is likely to cause confusion. *See 1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 407 (2d Cir. 2005). Tierney argues that Defendants' use of his graffiti tag, "RIME," on certain clothing in the collection created the false impression that Tierney endorsed, sponsored, or designed the collection.

Defendants argue that Tierney has not clearly alleged that he has used his mark, "RIME," in commerce, or that Defendants used Tierney's mark, "RIME," in commerce, both of which are necessary. However, Tierney has alleged that his work has been featured in various museums, that he has been commissioned by Converse and Adidas to create original artwork on shoes, and that he was invited by Disney to reinterpret Mickey Mouse. At the hearing, Tierney further clarified that his licensed artwork to Adidas and Disney has included the "RIME" tag, and that Disney actually advertised the work as a "Disney/RIME Collaboration." As to Defendants' use of "RIME" in commerce, Tierney alleged that "The Collection" generally was made available for sale extensively around the world. Thus, a reasonable inference could be drawn that Defendants also sold the particular clothing featuring "RIME."

Although Defendants raise affirmative defenses under *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), and nominative fair use, the Court finds that a determination of these fact-intensive inquiries would be better suited in a motion for summary judgment. At this stage, the Court cannot determine

: 

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

whether Defendants' use of "RIME" was explicitly misleading as to the source or content of the work given the context in which "RIME" appeared—namely, alongside the highlight piece of the collection, which heavily featured "Vandal Eyes"—or whether Defendants' use was simply nominative. *See, e.g., Autodesk, Inc. v. Dassault Sys. SolidWorks Corp.*, 2008 WL 6742224 (N.D. Cal. Dec. 18, 2008); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 609 (9th Cir. 2005) (fair use analysis involves questions of fact).

Therefore, the Court DENIES Defendants' motions on these claims.

### 4. Appropriation of name and likeness under Cal. Civ. Code § 3344

Section 3344 prohibits the knowing use of another's "name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods . . ." Cal. Civ. Code § 3344. Tierney alleges that Defendants knowingly used his name by placing his false signature on clothing without his authorization.

First, Defendants again argue that: (1) Tierney has failed to plead a "knowing" use of his name, and (2) Tierney has failed to plead that any clothing with "RIME" was sold within the United States. However, as stated above, the Court finds that when Defendants' use of Tierney's mark is considered in context, Tierney has sufficiently alleged that Defendants knowingly used his name. Similarly, the Court has already stated that Tierney has sufficiently alleged that clothing with "RIME" was sold within the United States.

Second, Defendants raise additional arguments in their defense: that their use was (1) transformative, (2) incidental, and (3) that Section 3344 does not protect imitations of one's name or pseudonyms. As to Defendants' third argument, the Court agrees that some cases have held that imitations of likeness and imitations of voices do not violate Section 3344. *See, e.g., Midler v. Ford Motor Co.*, 849 F.2d 460 (9th Cir. 1988). Moreover, here, Tierney admits that while Defendants attempted to copy his signature on their clothing, it is a fake signature. However, the Court finds that Defendants' argument is inapposite considering the scope of Tierney's allegations. If Tierney had alleged that Defendants misappropriated his signature, perhaps Defendants could prevail in their argument that imitations are not subject to Section 3344 liability. However, here, Tierney has alleged misappropriation of his name, which was used in a literal sense. Therefore, because Tierney alleges that Defendants used Tierney's actual name, "RIME," Defendants' imitation defense is unavailing.

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

Defendants also argue that pseudonyms are not protected under Section 3344, but have not adequately supported this contention. The Court recognizes that there is little case law on the subject. However, in at least one case, the Ninth Circuit recognized that "Cher" could be protected under Section 3344. *Cher v. Forum Intern., Ltd*, 692 F.2d 634 (9th Cir. 1982). Although the Ninth Circuit ultimately rejected Cher's right of publicity claim, it appeared to acknowledge that Cher's name could be protected under Section 3344.

As to Defendants' arguments under the transformative and incidental use defenses, the Court finds that such fact-intensive inquiries would be more appropriately resolved in a motion for summary judgment.

Therefore, the Court DENIES Defendants' motions on this claim.

### 5. Negligence

Tierney alleges that Defendants owed him a duty of care and breached that duty by "failing to prevent injurious falsehoods from reaching the public." (Compl. ¶¶ 74-77). Although the parties do not dispute that Defendants cannot be liable for negligence based solely on a copyright violation, the parties dispute whether Tierney can ground his negligence claim on his trademark and right of publicity claims.

Defendants argue that Tierney's negligence claim cannot be saved by his trademark and right of publicity claims because they all relate to his allegedly copyrighted work "Vandal Eyes." However, "Vandal Eyes" relates almost exclusively to Tierney's copyright claims. Because Tierney's trademark and right of publicity claims are grounded in his tag, "RIME," his negligence claim is not preempted.

Accordingly, the Court DENIES Defendants' motions on this claim.

### III. Special motions to strike (Dkts. 13, 19)

#### A. Legal standard

California law permits for pre-trial dismissal of strategic lawsuits against public participation (SLAPPs). Cal. Code Civ. P. § 425.16. The anti-SLAPP statute was enacted to prevent and deter lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech

:
_____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

and petition for the redress of grievances. In determining whether to grant an anti-SLAPP motion, the Court must engage in a two part inquiry: "first, whether the suit arises from the defendant's protected conduct and, second, whether the plaintiff has shown a probability of success on the merits." *Hilton v. Hallmark Cards*, 599 F.3d 894, 901-02 (9th Cir. 2009). "Since an Anti-SLAPP motion is brought at an early stage of proceedings, the plaintiff's burden of establishing a probability of success is not high." *Browne v. McCain*, 611 F. Supp. 2d 1062, 1068 (C.D. Cal. 2009).

### B. Discussion

Defendants seek to strike all of Tierney's state claims pursuant to California's anti-SLAPP statute, Cal. Civ. Code § 425.16. First, Defendants must make a threshold showing that the challenged causes of action arise from protected activity. If this showing is made, then the burden shifts to Tierney to demonstrate a probability of prevailing on the contested claims.

Defendants contend that their fashion line is protected activity because the development and design of creative works is subject to First Amendment protection. Defendants have not cited to any case finding that fashion is protected activity under anti-SLAPP statutes. However, courts have found that television shows, comic books, video games, as well as holiday cards, are protectable creative works under anti-SLAPP. *See, e.g.*, *Hilton*, 599 F.3d at 904 (finding that a Hallmark card evidences an intent to convey a particularized message, and in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it). Moreover, the Ninth Circuit has emphasized that "courts of California have interpreted this piece of the defendant's threshold showing rather loosely." *Id.* at 903-04.

Here, Defendants contend that the fashion line was intended to convey a message. Defendant Scott explains that he uses fashion to express himself creatively and to speak to political and cultural matters. For example, the *New York Post* wrote in a review of Scott's work that "his subversive humor and ability to comment on culture through clothes comes through loud and clear." (Scott Decl. ¶ 9). As to the specific works in the present case, Scott explains that he came up with the graffiti concept to subvert the seriousness of traditional black-tie fashion while also commenting on the way in which society objectifies women by literally imposing cultural symbols and meaning upon them. (*Id.* ¶¶ 7-8). Scott explains that his intention was to create a metaphor of a sophisticated woman literally tagged with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

graffiti, much like any light pole, brick wall or mail box on the street corner. (*Id.* ¶ 8). The Court finds that Defendants' fashion line satisfies this low threshold showing.[2]

Next, Defendants must show that their actions were in connection with an issue of public interest. Whether a defendant's activity is in connection with a public issue is interpreted broadly in light of the anti-SLAPP statute's purpose to encourage participation in matters of public importance or consequence. *Hilton*, 599 F.3d at 906. Although California courts have applied slightly different tests, one commonly cited test comes from *Rivero v. American Federation of State, County, & Municipal Employees*, 105 Cal. App. 4th 913 (2003). There, the court articulated three categories of public issues: (1) statements concerning a person or entity in the public eye, (2) conduct that could directly affect a large number of people beyond the direct participants, and (3) a topic of widespread, public interest. *Id.* at 923.

Defendants contend that their fashion was displayed at the Met Gala and involved celebrity Katy Perry, who is constantly in the public eye. *See Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664, 667 (2010) (finding that a magazine feature making reference to "indie rock musicians" counts as exercise of free speech in connection with a matter of public concern as "there is a public interest which attaches to people who, by their accomplishments, mode of living, professional standing or calling, create a legitimate and widespread attention to their activities"). However, Tierney's state claims subject to the anti-SLAPP statute are all grounded in Defendants' use of "RIME" in their collection, not on their appropriation of "Vandal Eyes" in the dress worn by celebrity Katy Perry and supermodel Gigi Hadid. Therefore, although Katy Perry's fashion choices may be of public interest, that conduct is not the basis for Tierney's state claims.

That being said, the Court finds that Defendants' fashion line qualifies as an issue of public interest given that Jeremy Scott and Moschino are household names in high fashion. In fact, Tierney concedes that Defendants' fashion line, including both the "Vandal Eyes" dress as well as the products including "RIME" at the Milan Fashion Week "garnered international attention." (Compl. ¶ 20). Therefore, the Court finds that Defendants have satisfied the first prong.

---

[2] Moreover, fashion has been acknowledged as a form of First Amendment activity in other contexts. *See, e.g., Tinker v. Des Moines Independent Community School Dist.*, 393 U.S. 503, 505 (1969) ("[T]he wearing of an armband for the purpose of expressing certain views is the type of symbolic act that is within the Free Speech Clause of the First Amendment.").

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05900-SVW-PJW | Date | January 13, 2016 |
|---|---|---|---|
| Title | *Joseph Tierney v. Moschino S.p.A. et al* | | |

The second prong requires a determination as to whether "the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* at 902. Defendants' anti-SLAPP motion applies to Tierney's claims under California unfair competition law, Section 3344, and negligence. As the Court discussed above, Tierney has adequately pled these claims. Moreover, at this early stage of the case, the Court finds that Tierney has shown a probability of success on the merits. Although Defendants may have only used "RIME" on two articles of clothing in their collection, the pieces appeared alongside the highlight dress of the collection, which heavily featured Tierney's "Vandal Eyes" mural. In this context, the Court cannot find as a matter of law that Defendants' use of "RIME" was not explicitly misleading or would not lead to a likelihood of confusion. Accordingly, the Court DENIES Defendants' special motions to strike.

### IV. Conclusion

In accordance with the foregoing, the Court DENIES Defendants' motions to dismiss and DENIES Defendants' special motions to strike.

However, the Court finds that many of the aforementioned issues, along with Defendants' affirmative defenses, may be suitable for determination on an expedited basis. Therefore, the Court sets the following briefing schedule:

Defendants shall file motions for summary judgment by Monday, April 18, 2016. Plaintiff shall file his oppositions by Monday, May 2, 2016. Defendants shall file their replies by Monday, May 9, 2016. The hearing on the motions shall be on Monday, May 23, 2016, at 1:30 p.m.

:

Initials of Preparer
PMC